UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. **5:01 CR 379** |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **DEMETRIUS LAMONT INGOL,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion of Defendant Demetrius Lamont Ingol for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"). (**ECF No. 30**.) Ingol argues that he is eligible for a reduced sentence pursuant to the so-called crack amendments.[1] He asks the Court to reduce his prison sentence, presently 126 months, to 92 months based on a sentencing guideline range of 92 to 115 months (the range for offense level 26, criminal history category IV). The United States opposes the Motion. (ECF No. 31.) For the following reason, the Court **DENIES** the Motion.

**I.**

On August 7, 2001, Defendant Ingol was charged with distributing approximately 10.69 grams of cocaine base ("crack cocaine") (Count 1), and distributing approximately 23.13 grams

---

[1] See infra at 4-5.

of crack cocaine (Count 2). The indictment also contained a finding by the grand jury that Ingol had previously been convicted of two felony drug-trafficking offenses, and notice that the government intended to seek enhancement of Ingol's sentence on the basis that he was a career offender. (ECF No. 9.)

On October 17, 2001, Ingol pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 2 grams of cocaine base (Count 1) and using or carrying a firearm during and in relation to a drug trafficking crime (Count 2). (See ECF No. 25, Minutes of Proceedings; ECF No. 26 ("Plea Agr.").) In the plea agreement, Ingol expressed his understanding that, based upon the type and amount of controlled substance involved, the statutory penalty for each Count was a mandatory minimum period of 5 years in prison to a maximum of 40 years imprisonment. (Id. ¶ 3.) The parties agreed that the amount of drugs independently known by the government to be a part of Ingol's personal conduct in narcotics distribution was 20-35 grams of cocaine base, with an offense level of 28. (Id. ¶ 7.) Ingol acknowledged and affirmed that he had previously been convicted of two felony drug-trafficking offenses. (Plea Agr. ¶ 9.) Consequently, the parties agreed and stipulated that Ingol was a career offender under U.S.S.G. §§ 4B1.1(B) and 4B1.2, and that his guidelines imprisonment range would be "based initially on Offense Level 34, Criminal History Category VI, that is 262-327 months." (Id.) For the purpose of determining whether Ingol may be entitled to a three-level reduction in his offense level for acceptance of responsibility, the government agreed, at sentencing, to advise the Court that Ingol met with law enforcement officers and provided truthful information regarding his involvement in the instant case and timely notified the government of his intent to plead guilty. (Id. ¶ 8.) Ingol agreed to fully cooperate with state and

federal prosecutors by providing truthful information and testimony, if required, concerning unlawful activities of which he was aware. (Plea Agr. ¶ 13.) In the event he did so, the government agreed, at sentencing, to move for a three-level substantial assistance reduction in his offense level under U.S.S.G. § 5K1.1. (Id. ¶¶ 13, 15.) Ingol agreed not to seek a downward departure, and the government agreed not to seek an upward departure, from the applicable guideline sentencing range. (Id. ¶¶ 11-12.)

At the sentencing hearing held on January 15, 2002, the Court noted that the base offense level for distributing 33.82 grams of crack cocaine would normally be 28, presumably under U.S.S.G. § 2D1.1. (ECF No. 29 ("Sentencing Tr."), at 3.) However, the Court determined that Ingol was in fact a career offender, presumably under U.S.S.G. § 4B1.1, which would place him at offense level 34, criminal history category VI. (Id.) The Court noted that Ingol was eligible for a two-level reduction for acceptance of responsibility and a third level for a timely guilty plea, and the Court granted the government's motion for a three-level reduction for substantial assistance – resulting in a total offense level of 28, criminal history category VI, with a sentencing range of 140 to 175 months. (Id. at 3-5.)

The court then entertained argument from counsel, Ingol himself and Reverend William Green on the subject of a reasonable sentence. (Sentencing Tr. at 5-13.) Ingol's attorney opined that criminal history category VI overstated the nature of Ingol's criminal background and the offense committed, and asked the Court to reduce his criminal history category to IV with a sentence of 126 months. (Id. at 5-6.) The prosecutor reminded the Court that Ingol had committed three drug-trafficking crimes, although he was essentially "an ounce-type dealer" who was not quite the type of individual for whom a punitive type of penalty was necessary. (Id.

at 10-13.) The prosecutor noted, however, that the government took Ingol's circumstances into consideration by not filing an 851 enhancement which would have required a sentence of life imprisonment, and that the government sought a reduction of six levels and went as far as it could under its policies. (Id.) After listening to the parties' arguments, the Court decided to depart downward to a criminal history category IV which, with offense level 28, resulted in a sentencing range of 110-137 months. (Sentencing Tr. at 13-14.) The Court then sentenced Ingol to a prison term of 126 months. (Id. at 14.)

Ingol now maintains that he is eligible for a reduced sentence pursuant to the so-called crack amendments. These amendments came about on November 1, 2007, when the United States Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. Supp. to App. C, amend. 706 (2008). The effect of Amendment 706 was to provide a two-level reduction in the base offense levels for most crack cocaine offenses. See id. The Commission made this Amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G. Supp. to App. C, amend. 713.

Based on Amendment 706, Ingol asks the Court for a reduction of two more offense levels (i.e., from 28 to 26), which would result in a guidelines sentencing range of 92-115 months. (Motion, at 1.) He then asks the Court to sentence him to the bottom of that range, or 92 months. (Id.) He argues that his sentence was "based on U.S.S.G. § 2D1.1, even though a mandatory minimum sentence was applicable at one point in the sentencing calculations." (Id. at 5.)

The Court has limited authority to reduce a sentence under 18 U.S.C. § 3582(c). *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). This section provides, in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that – . . .
>
>> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In considering Ingol's motion to reduce his sentence based on the crack amendments, the Court must determine whether the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" – or amended § 2D1.1. Id.

The record plainly shows that the Court's starting point for Ingol's sentence was offense level 34, criminal history category VI, given his stipulated career-offender status. The Court did not arrive at offense level 28 until after granting the government's motions for a three-level reduction for acceptance of responsibility and another three-level reduction for substantial assistance. Ultimately, after consideration of counsel's arguments and all relevant factors, the Court departed downward from criminal history category VI to IV, and then imposed a sentence of 126 months which, the Court noted, was toward the high end of the applicable guidelines range.

The Sixth Circuit has consistently held that Amendment 706 offers no relief to those defendants who have been sentenced as career offenders. *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009); *United States v. Alexander*, 543 F.3d 819 (6th Cir. 2008); *United States v. Leasure*, No. 07-6125, 2009 WL 1546370, at *7 (6th Cir. Jun. 3, 2009). Ingol does not contest

his designation as a career offender.  Nor does he deny that his career-offender status was correctly determined.

Accordingly, the Motion of Defendant Demetrius Lamont Ingol for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (**ECF No. 30**) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     August 24, 2009*
**Dan Aaron Polster**
**United States District Judge**